**Lovel REDDEN, Appellee,**

v.

**John W. GARDNER, Secretary of Health, Education, and Welfare, Appellant.**

**No. 11711.**

United States Court of Appeals
Fourth Circuit.

Submitted on Briefs without Oral
Argument Jan. 11, 1968.

Decided Feb. 23, 1968.

Carl Eardley, Acting Asst. Atty. Gen., Morton Hollander, Jack H. Weiner, Attys., Dept. of Justice, and Milton J. Ferguson, U. S. Atty., on brief, for appellant.

Kermit A. Locke and Clay S. Crouse, Beckley, W. Va., on brief, for appellee.

Before SOBELOFF and CRAVEN, Circuit Judges, and MERHIGE, District Judge.

PER CURIAM:

Remanding this Social Security case to the District Court for the awarding of reasonable counsel fees, this court stated: "a reasonable fee for the lawyer, from what he has done thus far would probably lie well within * * * $1750 * * *." Redden v. Celebrezze, 370 F.2d 373, 376 (4th Cir. 1966). Inexplicably, the District Court awarded claimant's attorney over $2200 more than the estimated maximum.

We find the award of $3960, only $1.73 less than the statutory maximum of 25% of the claimant's accrued benefits,[1] to be excessive and incompatible with the principles laid down in McKittrick v. Gardner, 378 F.2d 872 (4th Cir. 1967) and the earlier *Redden* case, supra, in which we noted, "Routine approval of the statutory maximum allowable fee should be avoided in all cases. In a great majority of cases, perhaps, a reasonable fee will be much less than the statutory maximum."

The District Court, stating no reasons for its determination, appears to have automatically adopted the statutory maximum. No extraordinary services are indicated and no showing is—or could be—made that the attorney took any substantial action on behalf of the claimant after this court's decision wherein it was suggested what would constitute fair and reasonable compensation.

Concluding, therefore, that the District Court's order awarding $3960 to counsel must be modified, we direct the defend-

1. 42 U.S.C.A. § 406(b) (1).

ant, the Secretary of Health, Education, and Welfare, to certify for payment to counsel the sum of $1750, as full compensation for the attorney's services and as reimbursement for out-of-pocket expenses. The remainder of the statutory maximum which the Secretary has withheld pending determination of this issue should be paid forthwith to the claimant and his family.

Order of District Court modified accordingly.