**Albert F. HECTOR, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 5662.**

United States District Court
W. D. Michigan, S. D.

Jan. 22, 1969.

## OPINION AND ORDER ON MOTION FOR ATTORNEY FEES

FOX, District Judge.

The attorney in this case is seeking his fee for successfully appealing an adverse decision of the Secretary of Health, Education and Welfare as regards disability. He seeks the full twenty-five per cent statutory maximum.

A full reading of the file, however, reveals no exceptional reason for granting such amount. Although the attorney in this case represented plaintiff at a hearing before the Department of Health, Education and Welfare and in this court, there is no showing of any special attention to the case. The short eight page brief filed by the attorney for plaintiff merely sets forth the medical testimony elicited, gives a brief history of the patient, and cites five cases, quoting from only one.

In his statement of services rendered, plaintiff's attorney has listed forty-nine entries. However, of these, twenty are concerned with the receipt of letters and notices, ten involve the mere writing of letters, and four include the receiving or making of phone calls. Only three entries record the time involved and they total thirteen and a quarter hours.

At a maximum twenty-five per cent, plaintiff's attorney would receive $688.65, as to plaintiff's accrued benefits, and $391.45 as to his children's accrued benefits, or a total of $1,080.10.

Although the court realizes that plaintiff's attorney represented him both before the Department of Health, Education and Welfare and in this court, the maximum allowance is still out of proportion to the work involved. The maximum fee should be granted only if the attorney can make a convincing demonstration of an unusual burden. Cognizant of the able conduct of plaintiff's attorney in this entire proceeding, the court concludes that there is no showing of any unusual or extraordinary cir-

Newman & Mackay, William L. Mackay, Lansing, Mich., of counsel, for plaintiff.

Harold D. Beaton, U. S. Atty., Grand Rapids, Mich., for defendant.

cumstances requiring a maximum fee. The primary consideration in these cases is that the disabled party receive the maximum benefit because he is the one most in need of funds. An attorney has a social obligation to aid the disadvantaged and should not expect to receive his usual remuneration.

Plaintiff's attorney is awarded attorney fees in the sum of $600.

It is so ordered.