**Fletcher STILTNER, Plaintiff,**

v.

**Joseph A. CALIFANO, etc., Defendant.**

**No. CIV-2-76-114.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Oct. 19, 1977.

Robert E. Wick, Bristol, Va. and James P. Grayson, Bristol, Tenn., for plaintiff.

John Carey, U. S. Atty. by Edward E. Wilson, Asst. U. S. Atty., Knoxville, Tenn., and Carl H. Harper, Regional Atty., and Jerry Wall, Asst. Regional Atty., Dept. of HEW, Atlanta, Ga., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The Court rendered a judgment herein favorable to the plaintiff, see interlocutory judgment of April 29, 1977 herein. The attorney who represented him before this Court petitioned the Court to determine and allow him as part of its judgment herein a reasonable fee for such representation. 42 U.S.C. § 406(b)(1). It is claimed in such petition that such attorney devoted 52¾ hours to such representation; however, he included in his computation a claim (which is DISALLOWED) that he devoted an aggregate of 18 of those hours to a quarterly "review" of advance sheets of unspecified federal court opinions. Such attorney also obtained from the plaintiff his signature (by his mark) on a letter in which the plaintiff joined in his attorney's request for an allowance of a fee of $4,701.10 as " * * * fair and reasonable considering

the time involved in the services rendered. * * * " 1

The Court does not share the plaintiff's enthusiasm for the fairness and reasonableness of the fee his attorney claims in the light of " * * * the time involved and services performed. * * * " The complaint required 1½ pages of typing, and plaintiff's counsel filed a 5-line motion for a summary judgment. The brief plaintiff's counsel filed with such motion consisted of four pages, with no authorities cited (as required by local Rule 12(a) of this Court), one of which was devoted to the determinative issue.

That issue related to the unusual situation of a plaintiff's having established his disability from pneumoconiosis on the basis of the results of two pulmonary-function tests. This was unusual, because ordinarily these tests produce results, wherein about half of them meet the values established in the pertinent table while the other half do not. Herein, however, both of the results of the tests met the table-values. Albeit, one such test was necessarily disregarded because the three spirometric tracings required to be shown were not preserved in the administrative record. There remained, therefore, the results of the one test which met clearly the table-values, arming the plaintiff with the pertinent statutory presumption unrebutted by the defendant. This distinctive factual situation appears to have eluded counsel for the plaintiff.

Nonetheless: " * * * A district judge must determine in each case whether the fee an attorney requests for representing a Social Security claimant * * * 2 is reasonable. * * * [W]hile the attorney's compensation must be sufficient to encourage members of the bar to undertake representation of disability claimants, the disability award, from which the attorney's fee is paid, is normally an already-inadequate stipend for the support and maintenance of the claimant and his dependents. Cf. *Redden v. Celebrezze,* 370 F.2d 373, 376 (4th Cir. 1966). * * * [T]he judge may not unquestionably approve the award of the 25 percent maximum fee, or any other amount claimed on the basis of a contingent fee contract. Rather, in each case, the judge must assess the value of the lawyer's services to the client, as the judge observes those services in the judicial proceedings. * * * " *MacDonald v. Weinberger,* C.A. 9th (1975), 512 F.2d 144, 146–147[2], [3], [4].

Courts are responsible under the Social Security Act for seeing that unreasonably large fees are not charged or collected by lawyers; although lawyers are entitled to reasonable compensation for services rendered by them in judicial proceedings involving social security claims, these benefits are provided for the support and maintenance of the plaintiff and not for the enrichment of members of the bar. *Redden v. Celebrezze, supra,* 370 F.2d at 376[3], the later appeal *sub nom. Redden v. Gardner,* C.A. 4th (1968), 391 F.2d 670.

What is said concerning Social Security cases appears to apply with equal force to black-lung cases. From all which the Court DETERMINES and ALLOWS R. E. Wick, Esq. compensation of one-thousand, one-hundred, twenty dollars ($1,120) as a reasonable fee for his representation of the plaintiff herein. The defendant Secretary will CERTIFY the amount of such fee for payment to such attorney out of, and not in addition to, the amount of past-due benefits paid or payable to the plaintiff. No other fee shall be payable for such representation. 42 U.S.C. § 406(b)(1). The judgment to be entered herein will constitute the final judgment herein.

---

1. This appears to be a "form" letter. *Cf. Robert J. Combs,* plaintiff, *v. Joseph A. Califano, Etc.,* defendant, no. CIV–2–76–75, this district.

2. In this circuit, it is held " * * * that the tribunal that ultimately upholds the claim for benefits is the only tribunal that can approve and certify payment of an attorney fee, and that the fee cannot exceed 25% of the past-due benefits awarded by that tribunal. The tribunal making this award can consider all services performed by the attorney from the time the claim was filed with the Social Security Administration. * * * " *Webb v. Richardson,* C.A. 6th (1972), 472 F.2d 529, 536[2]; *contra: MacDonald v. Weinberger, infra,* 512 F.2d at 146, n. 3.