Bradley W. BURRIS

v.

Margaret HECKLER, Secretary of
Health and Human Services.

Civ. A. No. 4–83–24–E.

United States District Court,
N.D. Texas,
Fort Worth Division.

Nov. 9, 1984.

Warren H. Gould, Fort Worth, Tex., for
plaintiff.

James A. Rolfe, U.S. Atty. by Mattie Peterson Compton, Fort Worth, Tex., for defendant.

## ORDER

MAHON, District Judge.

The plaintiff herein has filed two motions for an award of attorney's fees, one under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and the other based on a contingent fee contract between the plaintiff and his attorney. The Secretary opposes both motions.

The EAJA permits an award of attorney's fees to the prevailing party "[e]xcept as otherwise provided by statute .... [and] unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d). The plaintiff contends that the defendant's position was not substantially justified in this action because this Court found that there was not substantial evidence in the record that the plaintiff's condition had improved and therefore reversed the decision of the Secretary.

The mere fact that an administrative decision was reversed does not mean that the government's position was not substantially justified. *See Gava v. United States,* 699 F.2d 1367, 1370 (Fed.Cir. 1983); *Trujillo v. Heckler,* 582 F.Supp. 701, 707 (D.Col.1984). The Court finds that in light of the fact that this case was initiated prior to *Buckley v. Heckler,* 739 F.2d 1047 (5th Cir.1984) being decided, the Fifth Circuit's ruling on the medical improvements issue, and in light of the special position the government occupies as a litigant in this country, this Court cannot say that the Secretary acted improperly in litigating the medical improvement issue present in this case. Accordingly, the plaintiff's motion for an award of attorney's fees under the EAJA is DENIED.

As an alternative to an award of attorney's fees under the EAJA, the plaintiff has filed a motion seeking attorney's fees based on a contingent fee contract between the plaintiff and his attorney. The plaintiff's attorney seeks 25% of the past-due benefits the plaintiff will receive.

The Social Security Act provides:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment ....

42 U.S.C. § 406(b)(1). The Court may not adopt the statutory maximum of 25% suggested by the plaintiff without considering what amount would be fair and reasonable compensation for the services of plaintiff's counsel. *See Redden v. Gardner,* 391 F.2d 670 (4th Cir.1968); *Stiltner v. Califano,* 470 F.Supp. 261, 262 (E.D.Tenn.1977).

The factors to be considered in awarding attorney's fees were discussed by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717 (5th Cir. 1974). The twelve factors listed in *Johnson v. Georgia Highway Express, Inc.,* were:

(1) the time and labor required; (2) the novelty and difficulty of the question presented; (3) the skill required to perform the legal services; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesireability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson* at 717–19.

The Court makes the following findings:

(1) *The time and labor required* —Plaintiff's attorney expended 79.75 hours on this

matter at the district court level as evidenced by his time records.

(2) *The novelty and difficulty of the questions* —Whereas the facts of this case are unique to it, the plaintiff's attorney could rely on his past experience and case law developed in this area in order to handle this case.

(3) *The skill required to perform the legal services* —Few members of the bar handle disability claims and counsel must be familiar with the applicable statutes and regulations and other items peculiar to these cases. However, once familiar with the laws and procedures, this knowledge can be drawn upon for all disability cases handled.

(4) *The preclusion of other employment by the attorney due to acceptance of this case* —The Court finds that this case did not preclude the attorney's opportunity to accept other cases.

(5) *The customary fee* —The Court finds that the fee charged is within the range of fees charged in this area.

(6) *Whether the fee is fixed or contingent* —The present case involved a contingent fee contract.

(7) *Time limitations imposed by the client or the circumstances* —There were no unusual time limitations imposed, except the need to restore benefits as soon as possible.

(8) *The amount involved and the results obtained* —The amount of past-due benefits awarded in this case is substantial.

(9) *The experience, reputation, and ability of the attorney* —The Court finds that the plaintiff's attorney has shown the experience and ability necessary to handle a case such as the one currently before the Court.

(10) *The "undesireability" of the case* —Although not many members of the bar accept social security cases, these cases are not "undesireable" because of unfavorable community reactions or otherwise.

(11) *The nature and length of the professional relationship with the client* —There is no evidence that plaintiff's counsel altered his fees due to any professional relationship his client may have had with his office. The Court recognizes that the client's financial future has been dependent upon this case.

(12) *Awards in similar cases* —As previously stated, case law precludes an automatic award of the statutory maximum as is requested by plaintiff's counsel.

In summation, whereas the Court recognizes that not many attorneys handle social security appeals, it must keep in mind that "[t]he primary consideration in these cases is that the disabled party receive the maximum benefit because he is the one most in need of funds." *Hector v. Gardner,* 297 F.Supp. 510, 512 (W.D.Mich. 1969). Attorneys are entitled to reasonable compensation for their services, but the benefits awarded are not provided for the enrichment of the bar. For the aforementioned reasons, the Court finds that the plaintiff's request for an award of 25% of the past-due benefits awarded is not fair and reasonable. The Court finds that an award equivalent to $65 per hour for the 79.75 hours expended on this matter at the district court level is reasonable and hereby GRANTS plaintiff's motion for attorney's fees to the extent that the Court finds that the plaintiff's attorney is entitled to receive $5,183.75 in attorney's fees out of the plaintiff's award of past-due benefits for his work at the district court level.