Wilberto **RAMOS COLON**, Plaintiff,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES**, Defendant.

Civ. No. 84–0132 (JAF).

United States District Court, D. Puerto Rico.

July 13, 1987.

Juan A. Hernández-Rivera, San Juan, P.R., for plaintiff.

Wanda Rubianes-Collazo, Asst. U.S. Atty., Daniel López-Romo, U.S. Atty., San Juan, P.R., for defendant.

## OPINION AND ORDER

FUSTE, District Judge.

This case is before us on a motion for attorney's fees filed by plaintiff's attorney

Juan A. Hernández-Rivera.[1] While the court understands that, generally, attorneys may not collect fees in Social Security disability benefit cases where benefits are not awarded, *see* 42 U.S.C. sec. 406, and, therefore, tends to be fair in granting fees where benefits are awarded, we find that the present motion is a blatant attempt to overcharge a client, merely because the system withheld a set amount which may be applied to such fees.

We include the pertinent portion of the motion and time sheet for analysis:

| | | HOURS |
|---|---|---|
| 12–03–83 | DECISION FROM APPEALS COUNCIL RECEIVED | 1 1/2 |
| | Study & analysis of the decision and documents in the record of the case | |
| 12–16–83 | Letter prepared and sent to claimant advising him to visit the office for an interview. | 1/2 |
| 12–27–83 | INTERVIEW WITH CLIENT: | 2 1/2 |
| | a. Preparation for interview-study of record | |
| | b. Explanation of procedures in federal court | |
| | c. Discussion of fee for representation | |
| | d. Study & analysis of case after interview | |
| | e. Instructions to clerical personnel of further proceedings | |
| | PETITION TO LITIGATE IN FORMA PAUPERIS FILLED | |
| 01–10–84 | COMPLAINT: | 1 |
| | Legal research; writing of Complaint | |
| 01–12–84 | FILING OF COMPLAINT IN THE U.S.D.C. INCLUDING TRAVELING & WAITING TIME | 1 1/2 |
| 01–20–84 | GRANTED MOTION TO PROCEED IN FORMA PAUPERIS RECEIVED | 1/2 |
| 02–16–84 | PERIODICAL REVISION OF MEDICAL & LEGAL ASPECTS OF THE CASE (Status of the case) | 1 |
| 04–11–84 | PERIODICAL REVISION OF MEDICAL & LEGAL ASPECTS OF THE CASE (Status of the case) | 1 |
| 05–10–84 | ORDER OF U.S.D.C. DATED MAY 4, 1984 RECEIVED & REVIEWED | 1/2 |
| 05–26–84 | U.S ATTORNEY'S ANSWER TO THE COMPLAINT: RECEIVED, READ & ANALYZED | 1 |

| | | HOURS |
|---|---|---|
| 07–18–84 | U.S. ATTORNEY'S MEMORANDUM OF LAW: RECEIVED, STUDIED & ANALYZED | 2 |
| 07–24–84 | ORDER OF U.S.D.C. DATED JULY 20, 1984 RECEIVED & REVIEWED | 1/2 |
| 08–15–84 | Legal Research for plaintiff's memorandum of law | 2 |
| 08–17–84 | PLAINTIFF'S MEMORANDUM OF LAW | 3 |
| | Preparation; revision; typing; corrections made | |
| | FILING OF MEMORANDUM OF LAW-INCLUDING TRAVELING & WAITING TIME | |
| 09–01–84 | ORDER OF U.S.D.C. DATED AUGUST 27, 1984 RECEIVED & REVIEWED | 1/2 |
| 11–06–84 | U.S. ATTORNEY'S DEFENDAT [sic] SECRETARY'S MOTION TO REMAND PURSUANT TO NEW SOCIAL SECURITY LEGISLATION RECEIVED & REVIEWED | 1 |
| 11–17–84 | ORDER OF U.S.D.C. DATED NOVEMBER 11, 1984 RECEIVED & REVIEWED | 1/2 |
| 11–20–84 | LETTER TO CLAIMANT ABOUT PROCEDURES IN THE CASE | 1/2 |
| | TOTAL HOURS | 21 |

EXPENSES AND DISBURSEMENTS:

| | |
|---|---|
| Process of Service [sic] | 10.44 |
| Computer Charge | 200.00* |
| Word Processor Charge | 100.00* |
| "Our office adquired [sic] and used in this case the Computer System Wang VS–85 for Data Processing and Word Processing" | |
| Photocopying charges for legal documents and medical records. | 25.00 |
| Other expenses including postage, telephone charges and transportation. | 20.00 |
| TOTAL | $355.44 |

* The computer (Data Processing) and the Word Processor were bought at our office for the adequate and prompt handling of this case and other disability claims which is our primarily [sic] legal practice.

6. Petitioners have received from the Plaintiff the sum of $300.00 to cover the expenses and disbursements connected with his claim for Social Security benefits.

7. The sum of $6,450.17 was withheld from the Social Security Administration for payment of attorney fees. The amount of $3,000.00 was granted by the Social Security Administration for our services at the Administrative level (copy attached).

8. Attached hereto as Attachment A is a statement signed by the plaintiff indicating that he agrees that the Petitioners be paid the fee herein requested.

WHEREFORE, Petitioners pray that in light of the above, 25% of plaintiff's past-due benefits be allowed as attorney's fees.

1. Hernández-Rivera is the attorney of record. This particular motion is signed by his associate, William Domínguez-Torres.

Hernández-Rivera asks that we award him the remainder of the fee withheld by the Social Security Administration, or $3,450.17 for 21 hours "work". A closer look at the time sheet in conjunction with the record raises serious doubts about the value of Hernández-Rivera's time:

05–10–84 The text of the court order for which the attorney has billed a half hour's time to review reads as follows in its entirety:

Defendant is to file the outstanding answer to the complaint in the next 20 days.

07–24–84 One-half hour to receive and review the following order:

Defendant having filed a memorandum of law in support of his answer to the complaint, the court hereby orders plaintiff to file a reply memorandum within the next thirty (30) days. (A printed form)

09–01–84 The entire text of this court order, the review of which also took a half hour, is somewhat longer:

The above captioned case is hereby stayed until the case of *Laurent Moreau v. Secretary of Health and Human Services*, No. 84–1205, is decided by the Court of Appeals for the First Circuit.

01–20–84 One-half hour to receive the granting of the motion to proceed in forma pauperis.

11–06–84 One hour to receive and review the Secretary's motion to remand pursuant to new Social Security legislation. This 2½ page motion is boiler plate used by the Secretary at that time in the multitude of cases that were stayed pending the new legislation. The only individualization is the caption, case number, and the name of the attorney to whom it was identified. Having read it once, it would be unnecessary for an attorney who primarily devotes himself to Social Security disability cases to read more than the caption to recognize what it was.

Hernández never states at what hourly rate he would bill his client. If we take the remaining sum withheld by the Social Security Administration, however, add to it the $300.00 paid by the claimant, subtract the alleged costs and expenses, and divide by the twenty-one hours alleged to have been spent on the case, the billing rate requested is approximately $160 per hour.

Further analysis of the time sheet reveals the following:

01–10–84 Filing of complaint in the U.S. D.C. including traveling and waiting time—One and a half hours

08–17–84 Plaintiff's memorandum of law—preparation, revision, typing, corrections; filing of memorandum of law, including traveling and waiting time—three hours for the above.

We have no doubt that the round trip from counsel's office to the court, and the waiting time involved, would be an hour and a half. If anything, it is a conservative estimate, given the traffic jams and parking problems encountered in the San Juan metropolitan area. We take issue, however, with a fee of more than $240 for this service, especially when local messenger services charge $7.00 for the same.

Counsel is also requesting $300 for computer and word processing costs. While we have seen costs charged for the overtime of secretarial support, we have never seen clients charged for use of an attorney's office equipment. Counsel states that disability claims are the primary part of his legal practice. Most of the material in this area are routine; they can be reduced to boiler plate forms with slight individualization, and minor changes as new case law and legislation is added. Computerized word processing is a necessity today in a modern, busy legal practice. We seriously question the practice of directly charging clients for costs such as these.[2]

The fact that we find unconscionable the charges which we can directly document

2. We distinguish this from the costs of on-line computerized legal research such as WestLaw or Lexis, where the attorney is billed an identifiable amount for a research service performed in a specific case, which is then passed on to the client; or for the cost of products such as photocopies.

 

gives us serious doubts about the validity and reasonableness of the remaining ones. Courts are responsible under this section for seeing that unreasonably-large fees are not charged or collected by lawyers; although attorneys are entitled to reasonable compensation for services which they render in the judicial proceedings, we must keep in mind that those benefits are provided for the support and maintenance of the plaintiff, and not for the enrichment of the bar. *Stiltner v. Califano,* 470 F.Supp. 261 (D.Tenn.1977); *see also Reeves v. Mathews,* 435 F.Supp. 419 (D.Tenn.1977).

For the above-stated reasons, we grant attorney's fees for ten hours' work at $75 per hour, for a total of $750.00. In turn, we condemn counsel's conduct regarding this incident. The publication of this opinion and order, without more, should serve the purpose.

IT IS SO ORDERED.