Wilberto RAMOS COLON,
Plaintiff, Appellant,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant,
Appellee.

No. 87–1875.

United States Court of Appeals,
First Circuit.

Heard March 11, 1988.
Decided June 29, 1988.

Juan A. Hernandez Rivera, San Juan, P.R., Angel L. Cintron Carrasquillo, Santurce, P.R., Ivan O. Gonzalez Cruz and William Dominguez Torres, Rio Piedras, P.R., on brief for plaintiff, appellant.

William E. Wilkin, Office of Gen. Counsel, Social Sec. Div., Dept. of Health and Human Services, Baltimore, Md., Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., Donald A. Gonya, Chief Counsel for Social Sec., Randolph W. Gaines, Deputy Chief Counsel for Social Sec. Litigation, and A. George Lowe, Chief, Disability Litigation Branch, Baltimore, Md., on brief for defendant, appellee.

Before BREYER, TORRUELLA and SELYA, Circuit Judges.

PER CURIAM.

This appeal is brought by Attorney Juan Hernandez Rivera, who successfully represented a Social Security claimant in an effort to obtain past due benefits. In keeping with 42 U.S.C. § 406(b), when the past due benefits were awarded by the court, 25 percent of the total judgment, here $6,450.17, was withheld by the Social Security Administration for the payment of legal fees. Hernandez was awarded $3,000 for services which he rendered at the administrative level, and petitioned the district court for the remainder, $3,450.17, to cover the services which he rendered in the judicial proceedings. As justification for the additional fee, Hernandez submitted an itemized list indicating that he spent 21 hours of time at the judicial level and incurred $355.44 of other expenses. The district court concluded that Hernandez was entitled to receive payment for only ten

hours of time at a rate of $75 per hour, and nothing more. The court also criticized Hernandez for certain of his charges, which the court felt were wholly inappropriate, and constituted an unconscionable attempt to overcharge his client. 666 F.Supp. 10.

On appeal, Hernandez requests that attorney's fees be allowed at a rate of $90 per hour and that the disparaging language of the district court, which according to Hernandez imputes misconduct on his part, be stricken. Hernandez appears not to contest the district court's reduction in the number of hours spent at the judicial level of the case. Under 42 U.S.C. § 406(b), a court "may determine and allow as part of its judgment a *reasonable* fee for [legal] representation, not in excess of 25 percent of the total of the past due benefits to which the claimant is entitled. . . ." (emphasis supplied). Although the statute allows for a 25 percent maximum, it will often be the case that a reasonable fee is a much smaller amount. *See Redden v. Celebrezze*, 370 F.2d 373 (4th Cir.1966). Additionally, even where, as here, an attorney can show that his client in a social security disability case signed a contingency fee agreement, a court is not required to give "blind deference" to the a contractual fee agreement, and must ultimately be responsible for fixing a reasonable fee for the judicial phase of the proceedings. *McKittrick v. Gardner*, 378 F.2d 872, 873 (4th Cir.1967).

Although not in a social security context, we have held that the determination of a reasonable attorney's fee rests within the sound discretion of the district court. *King v. Greenblatt*, 560 F.2d 1024, 1026 (1st Cir.1977), *cert. denied*, 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978). Appellate courts, in reviewing such a determination, must accord deference to the exercise of that discretion. *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 950 (1st Cir. 1984). As we remarked in *Grendel's*, "we normally prefer to defer to any thoughtful rationale and decision developed by a trial court and to avoid second guessing." *Id.* This standard of review is similarly applica-

ble in a social security context involving a fee dispute, especially where, as here, the district court has given an adequate explanation of its reasons for adjusting the fees sought. *See Rohrich v. Bowen*, 796 F.2d 1030, 1032 (8th Cir.1986). While attorneys are entitled to fair compensation, one must be mindful of the fact that the past-due benefits from which their fees are derived "are provided for the support and maintenance of the claimant and his dependents and not for the enrichment of members of the bar." *Redden v. Celebrezze*, 370 F.2d 373, 376 (4th Cir.1966).

In the case before us, the district court carefully reviewed the itemized charges submitted by Attorney Hernandez, and concluded that too many hours had been sought at too high an hourly rate (the equivalent of $160 per hour). The court adequately explained its reasons for reaching these conclusions, and we need not restate them here. Attorney Hernandez, who does not take issue with the number of hours of service allowed by the district court, only insists that he should receive $90 per hour rather than the $75 per hour rate set by the court. In support of his position, Hernandez notes that "the Court in Puerto Rico has already determined that a reasonable hourly rate in Social Security Disability cases should not normally exceed $75.00 per hour. This practice seems to be changing because most of the orders we have been receiving lately are granting a fee of $90.00 per hour." Hernandez does not substantiate his contention that courts are routinely allowing $90 per hour as a reasonable attorney's fee. Even if Hernandez's information is correct, the fact that higher hourly rates may be allowed in some cases does not, without more, make the $75 per hour rate allowed here unreasonable. Reasonable fees have been defined as "those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984) (§ 1988 case). Hernandez has admitted in his brief that $75 is the prevailing rate which is allowed by courts in social

security disability cases, and has failed to set forth any special circumstances which would appear to justify or warrant the payment of any higher hourly rate. Moreover, Hernandez has presented no evidence to show that his requested rate is the one prevailing in the community for similar services by lawyers of comparable skill and experience. *Id.* His conclusory statement that he has lately received a fee of $90 per hour is not enough. In light of the foregoing, we cannot find that the district court abused its discretion in setting Hernandez's reasonable fee at $75 per hour.

We decline to strike the district court's language which reprimanded Hernandez for attempting to inflate the number of hours of service rendered, and for attempting to charge his client directly for the office's use of a computer and word processor. We agree with the court's position that an attempt to charge clients directly for the use of office equipment is highly questionable; this practice, if allowed, would in effect unfairly impose on clients the attorney's capital costs of acquiring new office equipment. We commend the district court's vigilance in observing this point. We commend the court, as well, for its perceptive scrutiny of the time billed which revealed substantial overcharging. We do not find, as Attorney Hernandez would have us find, that the district court "overreacted" to these issues, nor is our view softened by Hernandez's partial admission that, in retrospect, he used bad judgment regarding the computer and word processing charges. We agree that attempts to overcharge, such as those discovered by the district court, deserve to be condemned.

For the foregoing reasons, the judgment of the district court is hereby affirmed.