**Luke BROWN, Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant–Appellee.**

No. 89–3887.

United States Court of Appeals, Fifth Circuit.

Nov. 15, 1990.

**190**

J. Courtney Wilson, Gertler, Gertler & Vincent, New Orleans, La., for plaintiff-appellant.

Darlynda K. Bogle, Atty., Office of General Counsel, Social Sec. Div., Dept. of Health and Human Services, Baltimore, Md., Rodney Johnson, Karen J. Sharp, Chief, ARC, Health and Human Services/OGC, Dallas, Tex., for defendant-appellee.

Before RUBIN, GARWOOD, and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

This is a dispute over attorney's fees in a social security case. We adopt the lodestar method for determining the amount of fees, specifying that the preexisting contingency fee agreement is relevant to the reasonableness of the fee but the percentage contracted for is not binding on the Secretary or district court. We also decide that the Secretary and district court may each award fees only for work before them.

## I.

In 1985 Luke Brown retained a New Orleans law firm to represent him in his claim for past-due social security benefits. Brown contracted for a contingency fee of 25 percent of any past-due benefits.

Brown's application for benefits was denied at all administrative levels within the Social Security Administration. Brown thereafter sought review in the United States District Court for the Eastern District of Louisiana; and, on remand from the district court, the administrative law judge recommended a favorable decision. Brown ultimately recovered over $55,000 in past-due benefits.

Counsel documented a total of thirty-nine hours in prosecuting Brown's claim. Of those hours, twenty-five were spent before the agency, and fourteen were spent before the district court. The Secretary of Health and Human Services approved $4,500 in attorneys' fees for time counsel spent representing Brown before the agency. Counsel then submitted a fee petition to the district court seeking approval of attorneys' fees for both administrative and judicial representation in the amount of the balance of 25 percent of Brown's total recovery. That amount would have been $13,867. The district court, however, observing that it was not authorized by law to award attorneys' fees for representation during the administrative phase of a social security benefits claim, awarded counsel only $1,680 in fees.[1] Combining this amount with the fee it obtained from the agency, counsel received a total fee equal to 11 percent of Brown's recovery.

On appeal, counsel argues that the district court abused its discretion by not awarding a fee based on the contingency fee contract. At the very least, counsel contends, the district court should have used the 25 percent contingency fee as a benchmark.

We do not find that the district court abused its discretion in computing counsel's allowable fee; however, because the district court failed to specify the criteria for its fee determination, we remand for clarification, and if necessary recalculation, consistent with the fee-setting method outlined below.

---

1. In taking this position, the district court explicitly adopted the majority view that a court has statutory authority to award fees only for representation in the judicial proceedings conducted before it. *Brown v. Bowen*, No. 85–3449, order at 2, 1989 WL 145977 (E.D.La. Nov. 20, 1989) (citing *Guido v. Schweiker*, 775 F.2d 107 (3d Cir.1985)).

## II.

▮ In petitioning the district court for approval of fees equalling 25 percent of Brown's total past-due benefits recovery, counsel sought compensation for time spent preparing and conducting Brown's representation both in the administrative proceeding as well as the court. Whether the district court had jurisdiction to authorize legal fees for work in the administrative proceeding is a question of first impression in this circuit. We are persuaded, however, that under section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1), a court has authority to approve attorneys' fees only when a claimant "represented before the court"[2] has obtained a favorable judgment.[3] The district court, therefore, may consider only court-related services in setting allowable fees for representation before it. On the other hand, Congress has made it equally clear that the authority for setting fees for representation in agency proceedings rests exclusively with the Secretary.[4]

In adopting this interpretation of the Act, we note that we are joined by the First, Third, Fourth, Eighth, Ninth and Tenth Circuits.[5] It follows that the district court did not abuse its discretion by re-fusing to consider time spent by counsel representing Brown before the agency. However, our review of the district court's judgment does not end here; we must also determine whether the district court properly exercised its discretion in calculating the fees counsel would be allowed for judicial representation of Brown's claim.

## III.

▮ After computing the total number of court-related hours spent litigating Brown's claim, the district court arrived at counsel's allowable fee by multiplying that number by $120, an hourly rate the district court determined was "fair and reasonable compensation." *Brown v. Bowen*, No. 85–3449, order at 2 (E.D.La. Nov. 20, 1989). The court gave no explanation why this amount was in its judgment reasonable, neither did the court mention whether the existence of the 25 percent contingency fee contract factored at all in its determination. We do not find that the district court abused its discretion by awarding a fee amounting to less than 25 percent of the recovered benefits. Nevertheless, because today we adopt the so-called "lodestar" approach used by several other circuits in

---

**2.** 42 U.S.C. section 406(b)(1) provides in relevant part:

Whenever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

**3.** The question arises whether, under 42 U.S.C. § 406(b)(1), there has been a "favorable judgment" in Brown's case. Technically, the district court rendered no judgment, but rather remanded to the agency where the administrative law judge reached a favorable decision. Apparently assuming that the agency's action on remand did constitute a favorable judgment in the district court, neither of the parties has raised this issue on appeal. Noting this, today we do not reach this question. We do acknowledge, however, that other circuits have found that a remand from the district court is considered a favorable judgment when the claimant receives a subsequent administrative or judicial award of benefits. *See Rohrich v. Bowen*, 796 F.2d 1030,

1031 (8th Cir.1986); *Ray v. Gardner*, 387 F.2d 162, 165 (4th Cir.1967).

**4.** 42 U.S.C. section 406(a) provides in relevant part:

Whenever the Secretary, in any claim before him for benefits under this title, makes a determination favorable to the claimant, he shall, if the claimant was represented by an attorney in connection with such claim, fix (in accordance with the regulations prescribed pursuant to the preceding sentence) a reasonable fee to compensate such attorney for the services performed by him in connection with such claim.

**5.** *See Gardner v. Menendez*, 373 F.2d 488, 490 (1st Cir.1967); *Guido v. Schweiker*, 775 F.2d 107, 109 (3d Cir.1985); *Morris v. Social Sec. Admin.*, 689 F.2d 495, 496–97 (4th Cir.1982); *Gowen v. Bowen*, 855 F.2d 613, 618 (8th Cir. 1988); *MacDonald v. Weinberger*, 512 F.2d 144, 147 (9th Cir.1975); *Harris v. Secretary of Health and Human Services*, 836 F.2d 496, 497 (10th Cir.1987).

calculating reasonable attorneys' fees,[6] we remand to the district court for clarification, and if necessary recalculation, of its fee determination consistent with the considerations outlined below.

■ In the Social Security Act Congress provided that an attorney representing a claimant in a successful past-due benefits claim was entitled to "a reasonable fee to compensate such attorney for the services performed by him in connection with such claim," not to exceed "25 percent of the total of the past-due benefits" recovered. 42 U.S.C. §§ 406(a), (b)(1). Beyond this, Congress offered no guidance to the courts concerning the method to be used in determining what fee is reasonable in a given case. Contingency fee contracts are limited by the 25 percent ceiling, but are not forbidden by the Act. The weight of such contracts is left unspecified. Counsel urges us to adopt a rule affording contingency fee contracts presumptive reasonableness, or at least a rule that would use the contracts' terms as a benchmark from which to assess a reasonable fee. While we acknowledge the virtues of contingency fee agreements, in particular, the incentives they create for lawyers to represent claimants that otherwise lack the resources to hire an attorney, they do not inevitably produce a "reasonable" fee. Implicit in this statement is the reality that the statute does not accept the amount contracted for as necessarily determinative of reasonableness. As we have observed in the past, with respect to judicial determination of "reasonable" attorneys' fees,

> Whether or not [the prevailing party] agreed to pay a fee and in what amount is not decisive. Conceivably, a litigant might agree to pay his counsel a fixed dollar fee. This might even be more than the fee eventually allowed by the court. Or he might agree to pay his lawyer a percentage contingent fee that would be greater than the fee the court might ultimately set. Such arrange-

ments should not determine the court's decision. *The criterion for the court is not what the parties agreed but what is reasonable.*

*Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 718 (5th Cir.1974) (citations omitted; emphasis added).

By specifying that a *reasonable* fee should be allowed, the Act intrudes upon the contractual relationship between the attorney and his client. *See Coup v. Hecklar,* 834 F.2d 313, 324 (3d Cir.1987). Irrespective of the contract, the responsibility remains on the court to allow a reasonable fee. *Craig v. Secretary, Dept. of Health & Human Serv.,* 864 F.2d 324, 327 (4th Cir.1989). We then focus our fee-setting inquiry on determining what fee would be reasonable under the circumstances. However, in doing so we will require that due consideration be given to the contingency fee agreement.

The "lodestar" fee-setting method has been fashioned to take into consideration the unique circumstances that can affect the value of legal services to a given claimant in a particular case, as well as the varying degrees of risk incurred by attorneys in accepting certain cases. The starting point under this approach is "the number of attorney hours reasonably expended on litigation multiplied by a reasonable hourly rate." *Hensely v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). The attorney's usual non-contingent hourly rate or the prevailing market rate charged in the relevant community for similar legal services are measures typically used as a first approximation of the reasonable hourly rate.

Once determined, the product of this calculation, or the "lodestar," may be adjusted upward or downward based on the court's consideration of the circumstances surrounding the case. This process is guided by the twelve factors set forth by this court in *Johnson,* 488 F.2d at 717–19.[7] These factors include:

---

6. *See Cotter v. Bowen,* 879 F.2d 359 (8th Cir. 1989); *Craig v. Secretary, Dept. of Health and Human Serv.,* 864 F.2d 324 (4th Cir.1989); *Starr v. Brown,* 831 F.2d 872 (9th Cir.1987).

7. We developed these factors in *Johnson* to evaluate the reasonableness of attorneys' fees under § 706(k) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k), a fee-shifting provision.

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesireability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson*, 488 F.2d at 717–19. The novelty and complexity of the litigated issues may be reflected in adjustments to the billable hours, while the quality of the legal representation may warrant adjustments in the hourly rate. Ultimately, the district court has broad discretion to value services and weigh risks assumed by the attorney; but the court must, where a contingent fee agreement is involved, articulate the weight of contingency. *See Cotter v. Bowen*, 879 F.2d 359, 363 (8th Cir.1989).

The fee-setting method we adopt today is consistent with the approach of the Supreme Court in *Blanchard v. Bergeron* [489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989)] involving the fee-shifting provision of Section 1988 of the Civil Rights Act, 42 U.S.C. § 1988 (1982).[8] There the Court stated,

> *Johnson*'s 'List of 12' … provides a useful catalog of the many factors to be considered in assessing the reasonableness of an award of attorney's fees; but … the attorney's private fee arrangement, standing alone, is not dispositive. The *Johnson* contingency fee factor is simply that, a factor. The presence of a pre-existing fee agreement may aid in determining reasonableness. 'The fee quoted the client or the percentage of the recovery agreed to is helpful in demonstrating the attorney's fee expectations when he accepted the case.'

*Blanchard*, 109 S.Ct. at 944. Like the Court in *Blanchard*, we view the contingency fee contract as merely one factor. We do, however, require district courts to indicate the weight of contingency fee contract in setting a reasonable fee.

In the record before us the district court gave no indication of the factors it considered in arriving at its reasonable fee. We REMAND to the district court, therefore, for its fee determination using the foregoing method, including the weight of the contingency fee agreement.

VACATED and REMANDED.

---

Other courts before us have realized their usefulness in this context as well. *See Cotter*, 879 F.2d at 363; *Starr*, 831 F.2d at 874.

8. In terms of the method for setting reasonable attorneys' fees, the difference in contexts between § 1988 and § 406(b)(1) is inconsequential. However, as concerns the legal effect given to private contingency fee agreements in the two contexts, the difference is worth noting. Unlike § 406(b)(1), which we have said intrudes on the contractual relationship between the attorney and his client in past-due benefits cases, § 1988 has no effect whatsoever on the enforceability of contingency fee agreements in the civil rights context. The "reasonable fee" under § 1988 does not refer to the fee the successful plaintiff must pay his attorney out of the funds he recovers; the reasonable fee is paid by the civil rights defendant to the prevailing plaintiff. Congress created this fee-shifting provision in order that a plaintiff's recovery in a civil rights action would not be reduced by the amount of a reasonable fee for his attorney. Under § 1988, therefore, plaintiffs are not relieved of their obligation of paying their attorneys what they "contracted to pay, even [if] their contractual liability is greater than the statutory award that they may collect from losing opponents." *Venegas v. Mitchell*, —— U.S. ——, 110 S.Ct. 1679, 1684, 109 L.Ed.2d 74 (1990).