Robert E. RAY, Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.

Civ. A. No. 88–1687–T.

United States District Court, D. Kansas.

May 20, 1992.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on plaintiff's motion for approval of attorney fees pursuant to 42 U.S.C. § 406(b)(1) (Doc. 17). Plaintiff seeks an order approving fees in the amount of $4,578.75, which equals 25% of the retroactive benefits due plaintiff. The Secretary has objected to the plaintiff's motion, and argues that a reasonable fee would be achieved by multiplying the number of hours spent in federal court litigation times an hourly rate of $125. For the reason set forth below, the court rejects the Secretary's lodestar argument and grants plaintiff's motion for approval of fees.

By memorandum and order of May 10, 1991, the court reversed the decision of the Secretary and remanded to the Social Security Administration for an immediate calculation and award of benefits. The Secretary awarded plaintiff benefits and thereafter agreed to an award of attorney fees in the amount of $1,500.00 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

Section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1) allows the court to award a reasonable attorney fee not to exceed 25% of the total of past due benefits to which the claimant is entitled.

Plaintiff's counsel has expended 16.05 hours in representation of the plaintiff in federal court. Plaintiff and his attorney have entered into a contingent fee agreement which provides for the payment to the attorney of 25% of all past due benefits recovered. Plaintiff argues that the fee requested is reasonable in view of the contingent nature of the case, the result obtained, and the long delay in receiving the fee. Plaintiff also requests that the court order plaintiff's attorney to refund or credit to plaintiff the smaller of the EAJA fee awarded ($1,500.00) or the Title II contingency fee to be approved by this court. Finally, plaintiff requests that the court order the Secretary to make payment within sixty (60) days of the date of the court's order.

After considering the arguments made by the parties, the court adopts the conclusion reached by Judge Rogers in *Deleye v. Bowen*, No. 87–4267–R, 1990 WL 129210 1990 U.S. Dist. LEXIS (D.Kan. 1990), that the contingency fee agreement should be utilized as the starting point, and then reductions should be made only when the court finds that the amount requested is unreasonable. In the present case, the court finds the maximum fee award of 25% of past due benefits to be reasonable, despite fact that plaintiff's attorney spent only 16.05 hours working on the case. The low number of hours is the result of counsel's expertise in these cases. The fee is reasonable, especially in light of the fact that plaintiff did agree to such a percentage and plaintiff will also receive the $1,500.00 EAJA fee agreed to by Secretary. *See Boase v. Bowen*, No. 87–2332–0, 1988 WL 287377 1988 U.S. Dist. LEXIS 12223 (D.Kan.1988).

IT IS BY THE COURT THEREFORE ORDERED that plaintiff's motion for approval of attorney fees (Doc. 17) is hereby granted. Plaintiff's counsel is entitled to an award of $4,578.75, to be paid within sixty (60) days from the date of this order.

IT IS FURTHER ORDERED that plaintiff's counsel shall credit or refund to the plaintiff $1,500.00, which is the lesser of the two fee awards.