John LOMBARDO, Plaintiff,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,
Defendant.

Civ. A. No. 89–02391–JLT.

United States District Court,
D. Massachusetts.

Sept. 8, 1994.

Neil E. Onerheim, Nathanson, Wessler & Onerheim, Lawrence, MA, for plaintiff.

Charlene A. Stawicki, U.S. Atty's Office, Boston, MA, for defendant.

## MEMORANDUM

TAURO, Chief Judge.

In March of 1991, plaintiff John Lombardo was awarded benefits past-due under the Social Security Act. Plaintiff's attorney, Neil Onerheim, now petitions this court for approval of attorney fees pursuant to 42 U.S.C. § 406. The Secretary of Health and Human Services ("the Secretary") has objected to the payment, claiming that the request for fees is excessive and unreasonable based on the services rendered. This case raises questions on the propriety of contingency fee agreements in Social Security Act cases, and the degree of deference to be given these agreements in arriving at a "reasonable fee" for the purposes of the statute.

## I.

### Background

In June of 1986, and again in February of 1988, plaintiff filed applications with the de-

partment of Health and Human Services for disability insurance benefits and supplemental security income. These applications were twice denied. Having received final notice of denial, plaintiff filed suit in this court. At that time, plaintiff entered into a contingent fee agreement with Mr. Onerheim. Under the terms of that agreement Mr. Onerheim was to receive 25 percent of any award recovered.

■ In 1991, following a joint motion for remand to the agency for reconsideration, plaintiff was awarded $56,072 in past-due benefits. Acting pursuant to statutory authority, the Secretary withheld 25 percent of the total award ($14,018) for the payment of possible attorney fees.[1] Mr. Onerheim now petitions the court for payment from these retained funds.[2]

## II.

### Analysis

Under 42 U.S.C. § 406(b), a district court may award, as part of its judgment, a "rea-

sonable fee for [legal] representation, not in excess of 25 percent of the total of past due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1). The First Circuit has held that "the determination of a reasonable attorney's fee rests within the sound discretion of the district court." *Ramos Colon v. Secretary of Health and Human Services,* 850 F.2d 24, 26 (1st Cir.1988).

The Secretary cites *Ramos Colon* for the proposition that the reasonableness of a fee should be determined with reference to the lodestar method. The Secretary's reliance on *Ramos Colon* for such a proposition is inapt. Although the claimant and his counsel in *Ramos Colon* had agreed upon a contingency fee in entering into the representation, counsel's request for fees was not predicated upon that agreement. The First Circuit's treatment of the contingency fee issue was limited to the observation that "a court is not required to give 'blind deference' to the contractual fee agreement." *Ramos Colon,* 850 F.2d at 26.[3]

---

**1.** Mr. Onerheim's representation of John Lombardo before the department of Health and Human Services was the subject of a separate attorneys fee application. That application resulted in an Authorization to Charge and Receive a Fee for Representation Before the Social Security Administration, authorizing a $5,000 payment from the retained funds. Accordingly, this motion concerns only representation before this court. *See Gardner v. Menendez,* 373 F.2d 488, 490 (1st Cir.1967) (court may not award attorney's fees under § 406(b) for services performed before the agency).

**2.** Mr. Onerheim simultaneously moved for an award for attorney pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1). This motion culminated in a stipulated settlement of $3,842.96.

Suits under the EAJA differ from § 406 motions in several fundamental ways. Suits under the EAJA are suits brought by the claimant against the agency for expenses incurred in securing past due benefits. Awards under the EAJA are paid directly to the claimant, and may include expenses incurred in obtaining fees authorized by the act itself.

Motions under § 406(b) are brought by counsel to recover their fees from a portion of past due benefits retained by the agency for precisely that purpose. The payment of fees available under

§ 406(b) may be governed, within certain prescribed limits, by the contractual relationship between the claimant and his counsel. 42 U.S.C. § 406(a)(2)(A).

Awards under the EAJA and § 406 are not mutually exclusive. Judgments obtained under the EAJA may be credited to the plaintiff in the event that § 406 payments are ordered. This insures that the plaintiff himself, and not his attorney, receives the benefit of the EAJA award. *Wells v. Bowen,* 855 F.2d 37, (2nd Cir.1988) (Dual attorney fee applications both SSA and EAJA are not improper as long as lesser of any two amounts goes to attorney's client). Mr. Onerheim has specifically requested that amounts received under the Equal Access to Justice Act be credited to any eventual recovery under § 406.

**3.** The Secretary also cites *Grendel's Den, Inc. v. Larkin,* 749 F.2d 945 (1st Cir.1984), as an expression of the First Circuit's endorsement of the lodestar method in § 406 cases. *Grendel's Den,* however, involved the fee *shifting* provisions of 42 U.S.C. § 1988. As other court's have noted, fee awards in § 1988 cases differ from those in SSA cases in several important respects. The reasoning adopted in *Grendel's Den,* therefore, is not controlling with respect to the present § 406(b) analysis. *See McGuire v. Sullivan,* 873 F.2d 974, 979–80 (7th Cir.1989); *Wells v. Sullivan,* 907 F.2d 367, 371 (2d Cir.1990).

No court has found contingency agreements invalid as a matter of law.[4] Courts have, however, disagreed on the weight to be given these agreements in arriving at a reasonable fee. At least one court has held that contingency fees within the 25 percent statutory maximum are presumptively reasonable. *Rodriguez v. Bowen,* 865 F.2d 739, 746 (6th Cir.1989) *(en banc)* (attorney fee agreement under § 406 should be given weight of a rebuttable presumption). Other courts have stressed that the reasonableness of a fee should be judged with reference to the "lodestar" method.[5] These courts would regard the existence of a fee agreement as one of several factors to consider in adjusting the standard lodestar amount. *Brown v. Sullivan,* 917 F.2d 189 (5th Cir.1990).

■ The Second and Seventh Circuits have adopted an intermediate approach. Refusing to go so far as to make the contingent agreements "presumptively reasonable," they have held that "fee arrangement entered into by the parties should be the starting place for the court's review but that amount may be reduced if appropriate." *McGuire v. Sullivan,* 873 F.2d 974 (7th Cir.1989); *Wells v. Sullivan,* 907 F.2d 367 (2d Cir.1990) (determination of reasonableness of fee must begin with agreement, with deductions made only in special circumstances). Accordingly, these courts will enforce a freely negotiated contingency agreements in the absence of "windfall" to counsel, defined as "fees which are out of proportion to the services performed, the risk of loss and other relevant considerations." *McGuire,* 873 F.2d at 981. In addition, courts will not enforce contingent fee agreements where there is evidence of overreaching or a failure to inform the client of other payment options. *Id.* at 981.

The approach adopted by the Second and Seventh Circuits is the most likely to advance the goals of section 406(b) of the Social Security Act, and is consistent with the admonition of the First Circuit. By refusing to grant "blind deference" to private agreements, claimants will be protected from overreaching attorneys and exorbitant attorney fees. *Ramos Colon,* 850 F.2d, at 26. At the same time, the affirmation of contingency fees that reflect the parties' reasonable intentions will ensure the availability of adequate representation to disability claimants who cannot afford to hire counsel at fixed rates. *Wells,* 907 F.2d, at 371.

■ Applying this standard to the instant case, the evidence suggests that the agreement reached by the parties at the outset of the representation constitutes a fair and reasonable fee agreement. Mr. Onerheim has submitted affidavits indicating that the 25 percent contingency fee agreement entered into with the plaintiff is consistent with local practice for Social Security Act cases. (*See,* Kelly Aff. ¶ 5; Eden Aff. ¶ 6; Freeman Aff. ¶ 6.) In addition, the court notes the highly speculative nature of the plaintiff's claim, which had been twice denied at the administrative level, and faced only limited chances of success when Mr. Onerheim's representation began. The record indicates that plaintiff's previous counsel had withdrawn for precisely this reason. On these facts, it is reasonable to infer that Mr. Lombardo would not have been able to secure competent representation without the prospect of adequate compensation to counsel for the risk involved. Other courts have noted that, in determining

---

4. The statute does not forbid contingency fee agreements, but rather "seeks only to regulate the contingent fees favorably to the plaintiff by limiting the contingency to 25%." *Wells v. Sullivan,* 907 F.2d 367, 370 (2d Cir.1990); *Watford v. Heckler,* 765 F.2d 1562 (11th Cir.1985) (§ 406 intended to regulate, not forbid, contingency fees).

5. The traditional lodestar fee is determined by multiplying the total number of hours spent on representation by a reasonable hourly rate. *Grendel's Den,* 749 F.2d, at 950. Recognizing the imperfections of the formula, courts often authorize departures from the lodestar amount

to take into account specific factors, such as the risk of nonpayment and the possibility of delay in receipt of fees.

The lodestar method has been attacked in the context of Social Security Act cases involving contingent fee agreements. *Wells,* 907 F.2d at 371 ("[T]he traditional lodestar method is not appropriate for evaluating a reasonable fee to be paid by the client in a social security case where there is a contingent fee agreement."); *McGuire v. Sullivan,* 873 F.2d 974, 980 (7th Cir.1989) ("If courts regularly invalidated reasonable contingency agreements in favor of a lodestar fee, then attorneys would no longer enter into such agreements.")

what constitutes a reasonable fee, "[a] district judge must consider that attorney's compensation must be sufficient to encourage members of the bar to undertake representation of disability claimants." *MacDonald v. Weinberger*, 512 F.2d 144 (9th Cir.1975).

The standard contingent fee for similar representation in the Boston area, coupled with the poor prospects for success known to both Mr. Onerheim and his client, persuade this court that the fee requested in the instant case reflects the reasonable expectations of the parties upon entering into the representation.[6] The record contains no evidence of overreaching on the part of Mr. Onerheim, and the fees sought by Onerheim under the terms of the agreement are not "out of proportion to the services performed." *McGuire*, 873 F.2d at 981.

The Secretary's objection to Mr. Onerheim's request for fees indicates that the award requested would yield an hourly fee of more than $250 per hour. That argument misses the point. As the Sixth Circuit has noted:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the total award by the number of hours spent on the case]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Royzer v. Secretary of Health and Human Services*, 900 F.2d 981, 982 (6th Cir.1990). Moreover, other courts in considering the reasonableness of contingent fee agreements

have approved awards yielding similar hourly rates. *Mara v. Sullivan*, 734 F.Supp. 642 (S.D.N.Y.1990) (approval of $200 per hour fee); *Goff v. Sullivan*, 739 F.Supp. 494 (D.S.D.1990) (approval of $200 per hour fee); *Ray v. Sullivan*, 791 F.Supp. 838 (D.Kan. 1992) (approval of $285 per hour fee).

## III.

### Conclusion

The calculation of a reasonable fee in each specific case is necessarily fact dependent. What is reasonable for one case may be unreasonable for the next. Within the broad confines of 42 U.S.C. § 406(b), courts must weigh several factors in evaluating the reasonableness of a particular fee. This court finds that the fee requested by Mr. Onerheim is reasonable under the circumstances of this particular case. Plaintiff's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) will be allowed.

An order will issue.

### ORDER

For the reasons stated in the accompanying Memorandum, the plaintiff's motion for approval of attorneys fees under 42 U.S.C. § 406(b) is ALLOWED. Amounts recovered under 28 U.S.C. § 2412(d), ($3,842.92), and under the Authorization to Charge and Receive a Fee for Representation Before the Social Security Administration, ($5,000.00), are to be credited towards the payment of these fees. The defendant shall accordingly authorize a payment of $5,175.08 to plaintiff's counsel, Neil Onerheim.

**IT IS SO ORDERED.**

---

6. In a similar context the Supreme Court has noted that "[t]he presence of a pre-existing fee agreement may aid in determining reasonableness. The fee quoted the client or the percentage of the recovery agreed to is helpful in demonstrating the attorney's fee expectations when he accepted the case.'" *Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1982) (*cited in Brown v. Sullivan*, 917 F.2d 189, at 193).

It is useful in this respect to note that plaintiff has intervened on behalf of Mr. Onerheim with respect to the disposition of this motion. The claimants consent to the payment of the fee, while not dispositive in and of itself, *Ramos Colon*, 850 F.2d at 26, further suggests that the contingent fee was based upon a reasonable calculation of Mr. Onerheim's expected return for services rendered.