United States Court of Appeals,

Eleventh Circuit.

Nos. 96-2730 to 96-2764.

Gloria J. ANDREWS, et al., Plaintiffs,

Donald Robert Woodman, Individually and as Next Friend of Scott Forrest Woodman and as personal representative for the Estate of Yvonne E. Woodman, Yvonne E. Woodman, Deceased, Scott Forrest Woodman, Candra Dawn Woodman, Steven Dwight Woodman, Seaman Apprentice, Plaintiffs-Appellees-Cross-Appellants,

v.

UNITED STATES of America, Defendant-Cross-Claimant-Counter-Claimant-Appellant, Cross-Appellee,

Waste Control of Florida, Inc., Waste Management, Inc., Defendants-Cross-Claimants-Counter-Defendants-Cross-Defendants,

Refuse Services, Inc., Defendant-Cross-Claimant-Counter-Defendant,

Duval Garbage Company, Defendant.

Alvin Lindsey Speicher, Gail P. Speicher, Alvin Lindsey Speicher, Jr., Plaintiffs-Appellees-Cross-Appellants,

Skyler R. Speicher, Plaintiff,

v.

United States of America, Defendant-Cross-Defendant-Cross-Claimant-Counter-Claimant-Appellant-Cross-Appellee,

Waste Control of Florida, Inc., Waste Management, Inc., Refuse Services, Inc., Defendants-Cross-Claimants-Cross-Defendants-Counter-Defendants.

Virginia Hansen Smith, as personal representative for the Estate of Michael Stramel, deceased, Plaintiff-Appellee-Cross-Appellant,

Michael Stramel, Plaintiff,

Tina M. McBeth, Chris Hansen, Jill Hansen Leslie, Eva E. Stramel, Plaintiffs-Appellees-Cross-Appellants,

v.

United States of America, Defendant-Cross-Defendant, Cross-Claimant, Appellant-Cross-Appellee,

Waste Control of Florida, Inc., Waste Management, Inc., Refuse Services, Inc., Defendants-Cross-Claimants, Cross-Defendants.

Robert C. Richards, Vicki L. Richards, Michael B. Hartsfield, Jr., Plaintiffs-Appellees, Cross-Appellants,

v.

United States of America, Defendant-Cross-Defendant, Cross-Claimant, Counter-Claimant, Appellant-Cross-Appellee,

Waste Control Of Florida, Inc., Waste Management, Inc., Defendants-Cross-Claimants, Cross-Defendants, Counter-Defendants,

Refuse Services, Inc., Defendant-Cross-Defendant, Counter-Defendant.

Robert S. Powell, Plaintiff-Appellee, Cross-Appellant,

v.

United States of America, Defendant-Cross-Defendant, Cross-Claimant, Appellant-Cross-Appellee,

Waste Control Of Florida, Inc., Waste Management, Inc., Refuse Services, Inc., Defendants-Cross Claimants, Cross-Defendants.

Carroll Pittman, Carolyn J. Pittman, Michael K. Pittman, Plaintiffs-Appellees, Cross-Appellants,

v.

United States of America, Defendant-Cross-Defendant, Cross-Claimant, Appellant-Cross-Appellee,

Waste Control of Florida, Inc., Waste Management, Inc., Refuse Services, Inc., Defendants-Cross-Claimants, Cross-Defendants.

Donald Michael Rentz, Annette Rentz, Helen Goodwyne, Deceased, Plaintiffs-Appellees, Cross-Appellants,

v.

United States of America, Defendant-Cross-Defendant, Cross-Claimant, Appellant-Cross-Appellee,

Waste Control of Florida, Inc., Waste Management, Inc., Refuse Services, Inc., Defendants-Cross-Claimants, Cross-Defendants.

Tracy L. Patillo, Connie S. Patillo, Plaintiffs-Appellees, Cross-Appellants,

United States of America,, Defendant-Cross-Defendant, Cross-Claimant, Appellant-Cross-Appellee,

Waste Control of Florida, Inc., Waste Management, Inc., Refuse Services, Inc., Defendants-Cross-Claimants, Cross-Defendants.

Kenneth Bell, Sr., Deborah Bell, Robert Bell, Kenneth Bell, Jr., Jimmy Bell, Jerry Bell, Patricia J. Bell, Matthew Bell, Michelle Bell, Henry Bell, Dolly Bell, deceased, James Richard Bell, Victoria Mae Bell, James R. Bell, Jr., Jamie Michelle Bell, Plaintiffs-Appellees, Cross-Appellants,

v.

United States of America, Defendant-Cross-Defendant, Cross-Claimant, Appellant-Cross-Appellee,

Waste Control of Florida, Inc., Waste Management, Inc., Refuse Services, Inc., Defendants-Cross-Claimants, Cross-Defendants.

Lawrence E. Kershaw, Plaintiff-Appellee, Cross-Appellant,

v.

United States of America, Defendant-Cross-Defendant, Cross-Claimant, Appellant-Cross-Appellee,

Waste Control of Florida, Inc., Waste Management, Inc., Refuse Services, Inc., Defendants-Cross-Claimants, Cross-Defendants.

Ida Mae Kirk, Michael A. Kirk, Deceased, Edmonds Wallis Kirk, Plaintiffs-Appellees, Cross-Appellants,

v.

United States of America, Defendant-Cross-Defendant, Cross-Claimant, Counter-Claimant, Appellant-Cross-Appellee,

Waste Control of Florida, Inc., Waste Management, Inc., Refuse Services, Inc., Defendants-Cross-Claimants, Cross-Defendants, Counter-Defendants.

Donald E. Leonard, Jr., Virginia M. Leonard, Donald E. Leonard, Deceased, Wanda Leonard Harrison, Plaintiffs-Appellees, Cross-Appellants,

v.

United States of America, Defendant-Cross-Defendant, Cross-Claimant, Appellant-Cross-Appellee,

Waste Control of Florida, Inc., Waste Management, Inc., Refuse Services, Inc., Defendants-Cross-Claimants, Cross-Defendants.

James E. Johnson, Dorothy T. Johnson, Terrance C. Johnson, Jimmy E. Johnson, Jimmy E. Johnson, Jr., Eugene B. Johnson, Plaintiffs-Appellees, Cross-Appellants,

v.

United States of America, Defendant-Cross-Defendant, Cross-Claimant, Appellant-Cross-Appellee,

Waste Control of Florida, Inc., Waste Management, Inc., Refuse Services, Inc., Defendants-Cross-Claimants, Cross-Defendants.

Stanley C. Leverock, Sr., Linda S. Leverock, Violet Leverock, Stanley Leverock, Jr., Plaintiffs-Appellees, Cross-Appellants,

v.

United States of America, Defendant-Cross-Defendant, Cross-Claimant, Appellant-Cross-Appellee,

Waste Control of Florida, Inc., Waste Management, Inc., Refuse Services, Inc., Defendants-Cross-Claimants, Cross-Defendants.

Donald Ray Threadgill, Barbara A. Threadgill, Ronnie Wayne Threadgill, Plaintiffs-Appellees, Cross-Appellants,

v.

United States of America, Defendant-Cross-Defendant, Cross-Claimant, Appellant-Cross-Appellee,

Waste Control of Florida, Inc., Waste Management, Inc., Refuse Services, Inc., Defendants-Cross-Claimants, Cross-Defendants.

Clifton A. Todd, Jeanette A. Todd, Troy A. Todd, Plaintiffs-Appellees, Cross-Appellants,

v.

United States of America, Defendant-Cross-Defendant, Cross-Claimant, Counter-Claimant, Appellant-Cross-Appellee,

Waste Control of Florida, Inc., Waste Management, Inc., Refuse Services, Inc., Defendants-Cross-Claimants, Cross-Defendants, Counter-Defendants.

Neal Thomsen, Jewell Thomsen, Plaintiffs-Appellees, Cross-Appellants,

v.

United States of America, Defendant-Cross-Defendant, Cross-Claimant, Appellant-Cross-Appellee,

Waste Control of Florida, Inc., Waste Management, Inc., Refuse Services, Inc., Defendants-Cross-Claimants, Cross-Defendants.

Albert Ike Nolan, Jeanne Nolan, Carol Lynn Nolan, Adrienne Patience Nolan, Plaintiffs-Appellees, Cross-Appellants,

v.

United States of America, Defendant-Cross-Defendant, Cross-Claimant, Appellant-Cross-Appellee,

Waste Control of Florida, Inc., Waste Management, Inc., Refuse Services, Inc., Defendants-Cross-Claimants, Cross-Defendants.

Robert D. Staley, Plaintiff-Appellee, Cross-Appellant,

v.

United States of America, Defendant-Cross-Defendant, Cross-Claimant, Appellant-Cross-Appellee,

Waste Control of Florida, Inc., Waste Management, Inc., Refuse Services, Inc., Defendants-Cross-Claimants, Cross-Defendants.

Claude Daniel Oglesby, Margaret Oglesby, Plaintiffs-Appellees, Cross-Appellants,

v.

United States of America, Defendant-Cross-Defendant,Cross-Claimant, Appellant-Cross-Appellee,

Waste Control of Florida, Inc., Waste Management, Inc., Refuse Services, Inc., Defendants-Cross-Claimants, Cross-Defendants.

Boy Elijah O'Steen, Jr., Joan Marie O'Steen, Boy Elijah O'Steen, III, Plaintiffs-Appellees, Cross-Appellants

v.

United States of America, Defendant-Cross-Defendant, Cross-Claimant, Appellant-Cross-Appellee,

Waste Control of Florida, Inc., Waste Management, Inc., Refuse Services, Inc., Defendants-Cross-Claimants, Cross-Defendants.

Joseph D. Strange, Shirley A. Strange, Joseph D. Strange, Jr., Laura A. Strange, Plaintiffs-Appellees, Cross-Appellants,

v.

United States of America, Defendant-Cross-Defendant, Cross-Claimant, Appellant-Cross-Appellee,

Waste Control of Florida, Inc., Waste Management, Inc., Refuse Services, Inc., Defendants-Cross-Claimants, Cross-Defendants.

Janie L. Hansley, Janie P. Hansley, Plaintiffs-Appellees, Cross-Appellants,

v.

United States of America, Defendant-Cross-Defendant, Cross-Claimant,Counter-Claimant, Appellant-Cross-Appellee,

Waste Control of Florida, Inc., Waste Management, Inc., Refuse Services, Inc., Defendants-Cross-Claimants, Cross-Defendants, Counter-Defendants.

Neil Hansen, Gretchen Hansen, Travis Earl Thornton, Jr., Plaintiffs-Appellees, Cross-Appellants,

v.

United States of America, Defendant-Cross-Defendant, Cross-Claimant, Appellant-Cross-Appellee,

Waste Control of Florida, Inc., Waste Management, Inc., Refuse Services, Inc., Defendants-Cross-Claimants, Cross-Defendants.

Henry Vorpe, Jr., Judy Vorpe, Christi D. Vorpe, Plaintiffs-Appellees, Cross-Appellants,

v.

United States of America, Defendant-Cross-Defendant, Cross-Claimant, Appellant-Cross-Appellee,

Waste Control of Florida, Inc., Waste Management, Inc., Refuse Services, Inc., Defendants-Cross-Claimants, Cross-Defendants.

Vivian E. Gore, Wiley H. Gore, Plaintiffs-Appellees, Cross-Appellants,

v.

United States of America, Defendant-Cross-Defendant, Cross-Claimant, Appellant-Cross-Appellee,

Waste Control of Florida, Inc., Waste Management, Inc., Refuse Services, Inc., Defendants-Cross-Claimants, Cross-Defendants.

Doris F. Walker, Gary W. Walker, Plaintiffs-Appellees, Cross-Appellants,

v.

United States of America, Defendant-Cross-Defendant, Cross-Claimant, Appellant-Cross-Appellee,

Waste Control of Florida, Inc., Waste Management, Inc., Refuse Services, Inc., Defendants-Cross-Claimants, Cross-Defendants.

Eddie Williams, Lila M. Williams, Penny Williams Newmans, Christine Michelle Williams, Rebecca Lynn Williams, Eddie Michael Williams, Eddie Michael Williams, Jr., Plaintiffs-Appellees, Cross-Appellants,

v.

United States of America, Defendant-Cross-Defendant, Cross-Claimant, Appellant-Cross-Appellee,

Waste Control of Florida, Inc., Waste Management, Inc., Refuse Services, Inc., Defendants-Cross-Claimants, Cross-Defendants.

Alice M. Anderson, Stephen E. Anderson, Terrence L. Anderson, Plaintiffs-Appellees, Cross-Appellants,

v.

United States of America, Defendant-Cross-Defendant, Cross-Claimant, Appellant-Cross-Appellee,

Waste Control of Florida, Inc., Waste Management, Inc., Refuse Services, Inc., Defendants-Cross-Claimants, Cross-Defendants.

Lewis D. Bowen, Sarah Christine Flink Bowen, Plaintiffs-Appellees, Cross-Appellants,

v.

United States of America, Defendant-Cross-Defendant, Cross-Claimant, Appellant-Cross-Appellee,

Waste Control of Florida, Inc., Waste Management, Inc., Refuse Services, Inc., Defendants-Cross-Claimants, Cross-Defendants.

John P. Buettgen, Janice Beuttgen, Dawn Buettgen, Jody Buettgen, Kenneth Buettgen, Plaintiffs-Appellees, Cross-Appellants,

v.

United States of America, Defendant-Cross-Defendant, Cross-Claimant, Appellant-Cross-Appellee,

Waste Control of Florida, Inc., Waste Management, Inc., Refuse Services, Inc., Defendants-Cross-Claimants, Cross-Defendants.

Stephen Brannen, Misty Vell Brannen, Stephanie Jo Brannen, Sherrie Faye Brannen, Melissa Brannen McDaniel, Plaintiffs-Appellees, Cross-Appellants,

v.

United States of America, Defendant-Cross-Claimant, Appellant-Cross-Appellee,

Waste Control of Florida, Inc., Waste Management, Inc., Refuse Services, Inc., Defendants-Cross-Defendants.

John M. Flores, Florence Flores, Patricia Jo Bell, as personal representative for the Estate of Florence Flores, deceased, Plaintiffs-Appellees, Cross-Appellants,

v.

United States of America, Defendant-Cross-Defendant, Cross-Claimant, Appellant-Cross-Appellee,

Waste Control of Florida, Inc., Waste Management, Inc., Refuse Services, Inc., Defendants-Cross-Claimants, Cross-Defendants.

Albert G. Belz, Betty Belz, John Clarence Belz, Frederick G. Belz, I, Frederick G. Belz, II, Suzanne E. Belz, Robert J. Belz, William B. Belz, Frederick G. Belz, III, Mary M. Belz, Joshua Belz, Plaintiffs-Appellees, Cross-Appellants,

v.

United States of America, Defendant-Cross-Defendant, Cross-Claimant, Appellant-Cross-Appellee,

Waste Control of Florida, Inc., Waste Management, Inc., Refuse Services, Inc., Defendants-Cross-Claimants, Cross-Defendants.

Wayne K. Hazen, Patricia Christopher, Plaintiffs-Appellees, Cross-Appellants,

v.

United States of America, Defendant-Cross-Defendant,Cross-Claimant, Appellant-Cross-Appellee,

Waste Control of Florida, Inc., Waste Management, Inc., Refuse Services, Inc., Defendants-Cross-Claimants-Cross-Defendants.

Sept. 19, 1997.

Appeals from the United States District Court for the Middle District of Florida. (No. 87-116-CIV-J-PHM), Prentice H. Marshall, Judge.

Before DUBINA, Circuit Judge, and HILL and GIBSON[*], Senior Circuit Judges.

DUBINA, Circuit Judge:

The United States appeals the district court's award of attorneys' fees to plaintiffs/appellees/cross-appellants ("plaintiffs") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, on plaintiffs' claims under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 960(a). The government contends the fee award was disproportionately high. Plaintiffs cross-appeal, claiming the award was too low. We agree with the government and remand for a redetermination of attorney's fees.

---

[*]Honorable John R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit sitting by designation.

I. BACKGROUND

The opinion we issue today is one in a series of related appeals which detail the facts of this case. *See Woodman v. United States,* 121 F.3d 1430, 1435-38 (11th Cir.1997). We summarize those facts here, and we set forth additional procedural history relevant to the issues in these appeals.

The United States Navy contracted with a private company, Waste Control of Florida, Inc. ("Waste Control"), to remove hazardous chemical waste from two Jacksonville-area naval bases in the 1960s. For nearly two years, Waste Control dumped Navy waste at a swampy landfill in southwest Jacksonville. Nearby residents drew their water from wells. Toxic chemicals from the Navy waste leached into the groundwater and polluted the wells. The residents sued the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, and CERCLA. They sued Waste Control and two of its affiliates under CERCLA and Florida law.

Plaintiffs sought damages under CERCLA for (1) future medical monitoring costs, (2) statutory attorneys' fees, and (3) the expenses of obtaining alternate water supplies. Early in the litigation, the district court ruled that the only damages plaintiffs could recover under CERCLA were "their expenditures for connecting to the water line provided by the City of Jacksonville and their expenditures for bottled water." *Woodman v. United States,* 764 F.Supp. 1467, 1470 (M.D.Fla.1991). In a subsequent, unpublished order, the district court ruled that plaintiffs could not recover attorneys' fees directly under CERCLA in light of the Supreme Court's decision in *Key Tronic Corp. v. United States,* 511 U.S. 809, 114 S.Ct. 1960, 128 L.Ed.2d 797 (1994). In *Key Tronic,* the Court held that CERCLA "does not provide for the award of private litigants' attorney's fees associated with bringing a cost recovery action." *Id.* 511 U.S. at 818, 114 S.Ct. at 1967. Plaintiffs do not appeal either of these district court rulings.

Prior to trial, the government and the private contractors took the unusual step of filing motions for summary judgment on behalf of plaintiffs on the CERCLA claims. The district court granted the motions and entered findings of fact no longer in dispute, pursuant to FED.R.CIV.P. 56(d). The government objected to these findings on the ground that they established elements of

the unresolved FTCA claims. The district court then vacated its order entering summary judgment, and litigation proceeded on all claims.

Plaintiffs settled with the private contractors on the eve of trial for $8.5 million. According to plaintiffs, the parties allocated $2.5 million of that settlement for attorneys' fees. They designated one-third of that sum, or $833,333.33, for attorneys' fees on the CERCLA claims. A five-phase trial proceeded on plaintiffs' claims against the United States. After the first phase of trial, the district court found the government liable under both the FTCA and CERCLA. Rather than litigate the CERCLA damages, the parties stipulated to a schedule of response costs that the United States would pay to 39 of the 171 plaintiffs. The stipulated costs totaled $49,549.00 for obtaining alternate water supplies. The district court entered judgment against the United States on the CERCLA claims and reduced the stipulated costs by the amount of the CERCLA settlement with the private contractors. After the set-off, only one plaintiff obtained a CERCLA award against the government, in the amount of $700.

Plaintiffs applied to the district court pursuant to the EAJA for attorneys' fees and costs incurred in litigating their CERCLA claims. According to plaintiffs' fee application, their attorneys and paralegals spent approximately 30,000 hours litigating this case. Plaintiffs sought compensation for half of that time, plus half of their total costs, for a total of $1,462,298.84.[1] Plaintiffs argued that the CERCLA and FTCA claims overlapped so extensively that the best way to determine which hours were attributable to the CERCLA claims was simply to divide the total hours in half.

The district court made a preliminary finding that the EAJA applied because the government's position on the CERCLA claims was not "substantially justified." *See* 28 U.S.C. § 2412(d). The court found that the total number of hours expended and amount of expenses incurred were reasonable. However, the court ruled that plaintiffs were entitled under the EAJA only to one-third, not one-half, of those hours and expenses. The court reasoned that plaintiffs had allocated

---

[1] Plaintiffs computed the total figure by multiplying 15,000 hours times hourly rates not exceeding the EAJA's statutory cap. Those hourly rates are not at issue in this appeal.

one-third of the fees and costs portion of their settlement with the private contractors to CERCLA fees and costs, and the same division should apply to their CERCLA claims against the United States. Then, the district court reduced the one-third by a further 78% because only 22% of the individual plaintiffs had prevailed on their CERCLA claims. Ultimately, the judge awarded plaintiffs $180,880 in CERCLA fees and expenses, approximately 12% of the amount they requested.

The government appeals, claiming that the number of hours for which plaintiffs' attorneys sought reimbursement was so unreasonable that the district court should have denied the fee application outright. Alternatively, the government argues that the award is too high. The government does not appeal the district court's finding that its position on the CERCLA claims was not substantially justified. Plaintiffs cross-appeal. They do not contest the district court's decision to allocate one-third of their hours to the CERCLA claims, but they argue that the district court erred by reducing their award by 78%.

II. DISCUSSION

We review the district court's award of attorneys' fees and costs under the EAJA for abuse of discretion. *Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).

The EAJA permits parties who prevail against the United States in a civil action to recover attorneys' fees and costs unless the government's position was "substantially justified." 28 U.S.C. § 2412(d); *see also Commissioner, I.N.S. v. Jean,* 496 U.S. 154, 158, 110 S.Ct. 2316, 2318, 110 L.Ed.2d 134 (1990). The EAJA specifically excludes recovery for fees and costs expended on tort claims. *See* 28 U.S.C. § 2412(d)(1)(A); *Joe v. United States,* 772 F.2d 1535 (11th Cir.1985). Thus, the EAJA allows plaintiffs to recover fees and costs incurred in litigating their CERCLA claims, but not their FTCA claims.[2]

---

[2]We note also that plaintiffs may not recover fees and costs expended on their FTCA claims in light of our decision in the related appeals that plaintiffs cannot prevail on their FTCA claims. *See Woodman v. United States,* 121 F.3d 1430 (11th Cir.1997).

11

The government's first argument is that the district court should have rejected plaintiffs' fee application outright because it was so outrageous. According to the government, "[t]he CERCLA claims were not sufficiently complex, nor sufficiently contested, to require anything close to 15,000 of attorney and paralegal time." Br. for Appellant at 16. The government argues that outright denial of plaintiffs' fee application would induce claimants to submit reasonable, carefully calculated fee demands. Although the Eleventh Circuit has not decided the issue, the government cites cases from several other circuits holding that district courts do not abuse their discretion by denying in their entirety fee applications that are grossly inflated. *See, e.g., Environmental Defense Fund, Inc. v. Reilly,* 1 F.3d 1254, 1258 (D.C.Cir.1993); *Fair Housing Council v. Landow,* 999 F.2d 92, 96-97 (4th Cir.1993); *Brown v. Stackler,* 612 F.2d 1057, 1059 (7th Cir.1980); *see also Loranger v. Stierheim,* 10 F.3d 776, 782 n. 8 (11th Cir.1994) (recognizing that other circuits permit outright denial but not deciding the question).

Even if we adopted such a rule, it would not provide a basis for vacating the district court's fee award in this case. The district court expressly found that the government's unjustified refusal to admit any of the CERCLA allegations "bordered on bad faith" and necessitated "extensive pretrial investigation, discovery and preparation." R-7-904, Dist. Ct. Mem. Op. at 6-7. The district court also found that the total hours expended by plaintiffs' counsel were reasonable and that the government only challenged 3,000, or 10%, of them. The government fails to show that these findings were clearly erroneous. Therefore, there is no evidence that plaintiffs egregiously exaggerated their fee application. The district court did not abuse its discretion by rejecting the government's bid for an outright denial of attorneys' fees.

Next, the government argues that the district court abused its discretion by failing to consider the limited success plaintiffs achieved on their CERCLA claims. The starting point for determining a reasonable fee award is multiplying the number of attorney hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *Norman v. Housing Auth. of City of Montgomery,* 836 F.2d 1292, 1302

12

(11th Cir.1988). The district court may then adjust the resulting "lodestar" depending upon a variety of factors, the most important of which is the degree of the plaintiff's success in the lawsuit. *Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939. "[W]here the plaintiff has achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Id.* at 440, 103 S.Ct. at 1942. We agree that the district court abused its discretion by not giving greater weight to plaintiffs' limited success.[3]

Plaintiffs' success on their CERCLA claims was minimal by any measure. First, the CERCLA damages the court awarded plaintiffs were infinitesimal compared with those they requested. Plaintiffs sought more than $3.5 million for three types of CERCLA damages: (1) future medical monitoring expenses, which the court valued at $2.1 million; (2) statutory attorneys' fees, which plaintiffs valued at $1.4 million, and (3) alternative water supply expenses. Plaintiffs were awarded only the last category of damages—and only $49,549.[4] This figure represents less than 1% of the amount plaintiffs sought. Second, plaintiffs' CERCLA damages were slight in comparison with plaintiffs' overall award. The CERCLA award accounted for only 3% of the total award. Third, the CERCLA victory was not successful in the sense that it vindicated an important non-monetary principle, as may be the case with civil rights litigation. *See, e.g., Popham v. City of Kennesaw,* 820 F.2d 1570, 1580 (11th Cir.1987) ("The affirmation of constitutional principles produces an undoubted public benefit that courts must consider in awarding attorneys' fees ...").

---

[3]In light of this decision, we do not reach the other arguments advanced by the government, nor do we consider plaintiffs' cross-appeal.

[4]This figure dropped to $700 after the set-off for plaintiffs' settlement with the private contractors. Although we have not considered this issue, the Third Circuit has held that set-offs should not be considered in determining a prevailing party's degree of success for fee application purposes. *See Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.,* 995 F.2d 414, 423 (3rd Cir.1993) ("[T]he reduction of a plaintiff's net recovery due to the offset of a jury verdict by prior settlements does not indicate that plaintiff failed to prove any of its claims at trial. It may merely reflect plaintiff's skill as a negotiator with the other defendants ..."). We need not resolve this issue here because plaintiffs' CERCLA success was slight whether measured before or after the set-off.

Plaintiffs argue that they achieved substantial success on their CERCLA claims. They point out that they succeeded on their medical monitoring claims, albeit under the FTCA rather than CERCLA. There are two problems with this argument. First, we reversed plaintiffs' victory on medical monitoring damages under the FTCA. *See Woodman,* 121 F.3d 1430 (11th Cir.1997). Second, even if plaintiffs had succeeded on their medical monitoring claims under the rubric of the FTCA, that success could not count for the purpose of calculating an EAJA fee award because the EAJA does not permit recovery of fees and costs expended on tort claims.

The district court did consider plaintiffs' limited success in one respect: the court reduced the amount of the fee award by 78% because only 22% of the plaintiffs won a CERCLA award. However, the district court did not consider that plaintiffs prevailed on only one of their three CERCLA claims and their monetary award on that claim was quite small. Instead, the district court awarded plaintiffs fees and costs totaling nearly four times the amount of their CERCLA award. Although the Supreme Court has "reject[ed] the proposition that fee awards ... should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers," *Riverside v. Rivera,* 477 U.S. 561, 574, 106 S.Ct. 2686, 2694, 91 L.Ed.2d 466 (1986); *see also Cullens v. Georgia Dep't of Transp.,* 29 F.3d 1489, 1493 (11th Cir.1994) (discussing *Riverside*), this was not a civil rights action. As noted, the best—and perhaps only—measure of plaintiffs' success on their CERCLA claims was their monetary damages award.

The district court's failure to consider plaintiffs' minimal CERCLA success was an abuse of discretion. Accordingly, we vacate the district court's award of fees and costs under the EAJA and remand for recalculation.

VACATED and REMANDED.

14