[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14259
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-02812-MHS

LEXON INSURANCE COMPANY,

Plaintiff-Appellant,

versus

COMMUNITY & SOUTHERN BANK,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 29, 2015)

Before HULL, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Lexon Insurance Company ("Lexon") appeals the district court's order

denying reconsideration of Lexon's request for attorney's fees pursuant to Rule 11

of the Federal Rules of Civil Procedure.  We review the district court's denial of reconsideration for an abuse of discretion.  Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs., 225 F.3d 1208, 1216 (11th Cir. 2000).  Upon review of the record and the parties' briefs, we affirm.

Pursuant to Local Rule 7.2(E), "[m]otions for reconsideration shall not be filed as a matter of routine practice."  Rather, such motions are only appropriate when "absolutely necessary" to present: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact.  Bryant v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003).  Lexon did not advance any of the foregoing grounds for reconsideration either in this Court or the district court, and as such, Lexon's appeal is meritless.

Even assuming, arguendo, that Lexon is asserting clear error under Rule 7.2(E), we are not persuaded.  As the district court observed, Lexon seeks reimbursement of over $10,000 in attorney's fees for more than 50 hours spent researching and drafting a 7-page response to Community & Southern Bank's motion.  Lexon's response merely pointed out the Bank's obvious failure to comply with Rule 11's requirements.  The district court denied this request as "grossly excessive."  Although we have not decided the issue, several other circuits have held that district courts do not abuse their discretion by wholly denying

2

exorbitant fee applications when an award of fees is permissive, as in the instant case.  Andrews v. United States, 122 F.3d 1367, 1375 (11th Cir. 1997); see Budget Rent-A-Car Sys., Inc. v. Consolidated Equity LLC, 428 F.3d 717, 718 (7th Cir. 2005); Fair Housing Council of Greater Wash. v. Landow, 999 F.2d 92, 96-97 (4th Cir. 1993); Lewis v. Kendrick, 944 F.2d 949, 956 (1st Cir. 1991).  Because it is at "at least arguable" that the district court was entitled to deny Lexon's request outright, the court did not abuse its discretion.  See United States v. Battle, 272 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003) ("An error is not clear and obvious if the legal issues are at least arguable.") (internal quotation omitted).

   **AFFIRMED.**