Bennie SURGE, Plaintiff,

v.

Larry G. MASSANARI, Acting Commissioner of Social Security, Defendant.

No. CIV. A. 99–M–1445–E.

United States District Court, M.D. Alabama, Eastern Division.

July 20, 2001.

Mickie Beth Stiller of the Law Office of Mickie Beth Stiller, Montgomery, AL, for Plaintiff.

Julia J. Weller of the United States Attorney's Office, Montgomery, AL, for Defendant.

### ORDER

McPHERSON, United States Magistrate Judge.

This case is now before the court on the plaintiff's Amended Application for Attor-

ney Fees Under the Equal Access to Justice Act ["EAJA"], 28 U.S.C. § 2412 (Doc. # 23).[1] The plaintiff asserts that she is a prevailing party within the meaning of 28 U.S.C. § 2412(d) in that pursuant to the court's Order of 17 July 2000 the case was remanded to the Commissioner for further proceedings (Doc. # 17). The plaintiff seeks fees of $ 5,036.03 and expenses of $57.37 (Doc. # 23, p. 3). For the reasons which follow, the plaintiff's Amended Application is GRANTED in part and DENIED in part.

## I. DISCUSSION

On 3 November 2000, the defendant filed a response to the plaintiff's application for attorney fees. Although the defendant does not contest the plaintiff's entitlement to EAJA fees, the defendant disagrees with the amount of fees requested (Doc. # 22, p. 1). Specifically, the defendant asserts that the number of hours requested are unreasonable because they are excessive (Doc. # 22).

### A. Applicable Law

▮▮▮ *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir.1988), prescribes the law in our circuit for determining the appropriate award of attorney's fees, including awards in social security cases. Such awards are made pursuant to the lodestar method, i.e., "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Kay v. Apfel*, 176 F.3d 1322, 1324–1325 (11th Cir.1999). *See Frazier v. Sullivan*, 768 F.Supp. 1511, 1518 (M.D.Ala. 1991) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). The Court of Appeals has identified twelve factors a court may con-

sider in determining the reasonableness of an attorney fee award in a particular case:

1. the time and labor required;
2. the novelty and difficulty of the questions;
3. the skill required to perform the legal service properly;
4. the preclusion of other employment by the attorney due to the acceptance of the case;
5. the customary fee;
6. whether the fee is fixed or contingent;
7. time limitations imposed by the client or the circumstances;
8. the amount involved and the results obtained;
9. the experience, reputation and ability of the attorney;
10. the undesirability of the case;
11. the nature and length of the professional relationship with the client; and
12. awards in similar cases.

*Kay v. Apfel*, 176 F.3d at 1327 (citing *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717–19 (5th Cir.1974)). *See also Frazier v. Sullivan*, 768 F.Supp. at 1518. After calculating the lodestar fee, the court should then proceed with an analysis of whether any portion of this fee should be adjusted upwards or downwards. *Kay v. Apfel*, 176 F.3d at 1327. The Court of Appeals has explained that:

> The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303. That burden includes "supplying the court with specific and detailed evidence

---

1. This Amended Application for Attorney Fees Under the Equal Access to Justice Act supercedes the prior applications for attorney fees under the Equal Access to Justice Act filed on 24 October 2000 (Doc. # 20) and 13 October 2000 (Doc. # 18).

from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity.... A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id.* (citations omitted)

*American Civil Liberties Union of Georgia v. Barnes,* 168 F.3d 423, 427 (11th Cir.1999) (citing *Norman v. Housing Authority of City of Montgomery,* 836 F.2d at 1303).

### B. The Plaintiff's Request

The plaintiff seeks payment of fees of $ 5,036.02 and expenses of $ 57.37 (Doc. # 23, p. 3). Specifically, the plaintiff seeks payment of 27.78 hours of attorney time at a rate of $ 138.32 per hour for services rendered by attorney Micki Beth Stiller ["Stiller"] and attorney Martin [2] ["Martin"] (Doc. # 23, p. 3; exh. E). The 27.78 hours represents 10.4 hours claimed by Stiller and 17.38 hours claimed by Martin. The plaintiff also requests fees for the total of 21.70 hours spent by the paralegal in drafting the brief [3] (Doc. # 23, exh. F). Payment of fees for paralegal time is sought at the rate of $55.00 per hour [4] (Doc. # 23, p. 3; exh. E, F). In addition, the plaintiff seeks $57.37 in expenses (Doc. # 23, p. 3; exh. E).

The defendant contends that the request for a total of 49.48 hours of compensation is excessive (Doc. # 22). Specifically, the defendant contends that the requested amount of time spent on the completion of the plaintiff's brief "seems excessive in light of the nature of this case which was a 'straightforward' Social Security disability case and did not involve particularly difficult or complex issues" (Doc. # 22).

### C. Reduction of Hours

#### 1. The Underlying Tasks

■ The court agrees with the defendants; the plaintiff's request for attorney fees is premised upon a grossly excessive number of hours claimed by the attorneys and the paralegal. As the court determined in *Norman, supra:*

> *Hensley* [5] teaches that "excessive, redundant or otherwise unnecessary" hours should be excluded from the amount claimed. 461 U.S. at 434, 103 S.Ct. at 1939–40. In other words, the Supreme Court requires fee applicants to exercise "billing judgment." *Id.* at 437, 103 S.Ct. at 1941. This must necessarily mean that the hours excluded are those that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel. *Id.* at 434, 103 S.Ct. at 1939.

There is no evidence that the plaintiff's counsel exercised billing judgment in this

---

2. There is no evidence in the record of Martin's credentials or experience.

3. The paralegal's hours are itemized as follows:
   (a) review transcript–2.40 hours;
   (b) draft statement of the case–6.30 hours;
   (c) legal research–1.90 hours;
   (d) finish drafting statement of case–2.50 hours;
   (e) draft arguments–7.10 hours;

(f) condense brief, draft arguments–1.50 hours.

4. Martin's paralegal is not identified in *any* evidence before the court, and the plaintiff has failed to submit any information regarding his/her education, experience, or qualifications.

5. *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

case. There are also other reasons why the number of hours is excessive.

First, the court finds that an expenditure of 28.40 hours on a fifteen-page appellate Social Security brief is excessive, particularly when the analysis compels the conclusion that several hours were expended in the training of the attorney's paralegal.

Second, the number of hours spent by the paralegal in drafting the statement of the case (8.8 hours) is greater than the number of hours spent drafting and condensing the legal arguments (8.6). An amount of time which equals an entire workday is unreasonable for the development of the facts or statement of this case, especially since the very same facts are outlined in the decision of the Administrative Law Judge and the transcript of the proceedings.

Third, the evidence reveals a duplication of effort between Martin and his paralegal. For example, Martin spent 0.10 hours "working" on the brief and transcript before the paralegal began his work on the brief (Doc. # 23, exh. F, p. 1). Then, *after* the paralegal spent an expansive 21.70 hours completing the brief, Martin spent an *additional* 6.20 hours "completing" the brief (Doc. # 23, exh. F). Prior to Martin's completion of the brief, he spent 0.40 hours, on 21 April 2000, discussing the brief with the paralegal; addressing how the paralegal should "focus issues and shorten the brief" (Doc. # 23, exh. F).[6] Therefore, a total of 28.40 hours was spent on the completion of the brief alone.

■ Fourth, Stiller has requested attorney fees for performing clerical tasks.

The court has deducted the requested clerical-related compensation from the plaintiff's requested award of fees See *Allen v. Apfel,* No. 99–M–193–E (M.D.Ala. Nov. 1, 1999). As this court stated in *Allen,* slip op. at 3,

> [t]his court disapproves of the billing at a professional hourly rate for services reasonably performed by support staff, whose salaries are included in the lawyer's office overhead. The court notes that Stiller billed for clerical services such as: (1) copying, (2) filing, (3) traveling, (4) receiving, and (5) mailing … These services do not require professional skill or expertise, and Stiller is not entitled to compensation for that time.

(citations omitted); *also Hopkins,* slip op. at 2.

The court's denial of compensation for these activities goes to the compensability for the service rendered. "These services do not require professional skill or expertise".[7] Accordingly, the court finds the following hours to be excessive:

a. Stiller's 31 May 2000 claim of .30 hours to "sign Consent to Jurisdiction by a U.S. Magistrate Judge, mail" (Doc. # 23, exh. A). The form which parties sign to indicate consent to magistrate judge jurisdiction consists of one page and is a standard form entered in all Social Security cases in this district. The completion of this form and its mailing does "not require professional skill and expertise," nor does it take 18 minutes to execute it and complete the four lines of information requested on the form. Therefore,

---

**6.** At that time, the statement of the case was "14 plus" pages (Doc. # 23, exh F, p. 2). Quite aside from the amount of time spent, the entire exercise is undermined by the fact that the defendant is being asked to finance an excessive commitment of time to writing a brief, then finance the time needed to shorten it.

**7.** "These services" include preparing the summons, copying documents, filing documents at the Clerk's office, serving pleadings, receiving documents, and mailing documents.

the court reduces the .30 hour entry to .05 hours.

b. Martin's 13 December 1999 claim of .10 hours to "receive a fax that complaint was filed 12/8/99".

c. Martin's 30 December 1999 claim for .10 hours to "receive an order filed 12/16/99 that the defendant has 90 days to file their answer . . .";

d. Martin's 10 March 2000 claim for .10 hours to "receive transcript forwarded from Stiller's office";

e. Martin's 25 April 2000 claim for .50 hours to "file brief, Middle District of AL . . . copied, collated, mailed to clerk, Assistant U.S. Attorney";

f. Martin's 16 May 2000 claim for .10 hours to "check for 'filed' copy of brief . . . rec'd 'filed' copy of brief";

g. Martin's 26 May 2000 claim for .10 hours to "check for defendant's brief . . . rec'd 6/2/00"; and

h. Martin's 23 and 28 March 2000 claims for .25 hours to "update case"[8] (total of .50 hours).

Neither Stiller nor Martin is entitled to compensation for performing any of these tasks. Therefore, the 1.50 hours claimed by Martin in the above mentioned claims are disallowed, and the .30 hours claimed by Stiller in the above mentioned claims is reduced to 0.25.

### a. The Nature of the Case and the Work Product

■ The time claimed is also patently excessive in view of the routine nature of this case, i.e., one which did not involve particularly difficult or complex facts or atypical issues. The three issues identified by the plaintiff are typical. There is nothing novel about contentions that (1) the ALJ failed to develop the record, (2) the finding that the plaintiff does not meet Listing 12.05 is unsupported, and (3) the ALJ made contradictory findings. At least one of those issues appears in most appeals of decisions made by Administrative Law Judges, and although the applicable law is not necessarily static, it's constancy at least obviates the need for hours upon hours of research for supportive decisions.

Nor do the issues require the parsing of issues or cases to reach a novel finding or a technical exception to applicable law. In fact, the arguments made in support of all three of the plaintiff's claims are *all-inclusive* arguments which are based—necessarily—upon an *interpretation* of the applicable law, rather than upon undeniable or unequivocal principles. Arguments in that category are more often bolstered by thoughtful and appropriate identification of facts which support ultimate conclusions than by cogent legal analysis.

The court has also examined the work product—the brief—and finds that it does not reflect the number of hours reportedly committed to its preparation. Beginning at page 10 of the brief, the fonts change in a manner that indicates either a lack of care in the production of the brief or in its substantive preparation. Specifically, the text on page 11 of the brief is barely discernible. As a result, its persuasive value and its usefulness in advancing the plaintiff's legal analysis is almost completely lost.[9] As the Court of Appeals observed

---

8. The plaintiff's counsel failed to specify what activities "update case" entails. However, because these vague entries were listed as "administrative hours" (Doc. # 23, exh. F, p. 2) and Martin has failed to show evidence that these entries require attorney expertise, the court excludes these times as clerical hours.

9. The page appears to have been copied over another page that was probably a letter. Notwithstanding the uselessness of the letter and its obfuscating impact on the text of the plaintiff's brief, in its absence, the record would be absolutely devoid of any reference to Martin's first name.

in *Norman, supra,* "legal skill has no intrinsic value unless it is used to further the client's interest, which is to obtain a just result quickly and economically." *Norman,* 836 F.2d 1292.[10]

The court finds that under the circumstances, and given the usual number of hours billed by attorneys in similar actions, this entry of hours claimed is unreasonable and warrants reduction. The court therefore reduces the 28.40 hours, claimed for completion of the brief to a total of 12 hours.[11]

### b. Stiller's Requests For Fees in Previous Cases

██ In spite of the fact that Stiller has been previously admonished for making similarly excessive requests, she has made the same kind of request in the instant case for attorney fees for performing clerical tasks. Because of the repeated request, the court concludes that it is made in bad faith. See *Allen v. Apfel, supra.* In fact, any assumption of good faith regarding Stiller's requests for attorney fees is also undermined by this court's rulings in *Hopkins v. Apfel,* No. 98–S–1306–N (M.D.Ala. Sept. 1, 2000) and *Allen v. Apfel,* No. 99–M–193–E (M.D.Ala. Nov. 1, 1999). The court will not continue to remind these lawyers that their requests for excessive attorney fees and non-compensable clerical tasks is inappropriate, and they are advised that, if unabated, their repeated requests for excessive fees will begin to cast doubt upon the validity of those future requests.

██ The court further reminds plaintiff's counsel that "the fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and

hourly rates" in regard to the reasonableness of the hours claimed. *Norman,* 836 F.2d at 1303. Among the *Johnson* elements are several factors which Stiller and Martin did not address at all, including "the experience, reputation and ability of the attorney".

"The measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." *Id.* at 1306. *See also ACLU of Georgia v. Barnes* 168 F.3d 423, 428 (11th Cir.1999). The court will nevertheless exercise scrutiny in cases which include excessive requests. In that connection, representation by two lawyers who specialize in the pursuit of social security claims should save time, not add to it. Expertise should reduce the workload, not enhance it.

> If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise necessary.' Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.

*ACLU of Georgia, supra,* at 428. In light of these principles, the court, in all, has reduced plaintiff's request for 27.78 hours of legal services rendered by a total of 5.15 hours, and the request for 21.70 hours of paralegal services rendered by a total of 13 hours. The court therefore concludes that plaintiff's counsel is due to be compensated

---

**10.** The legal argument in the 15–page brief does not begin until page 9.

**11.** Specifically, the court strikes the .40 hours claimed by Martin for training the paralegal

reduces the 6.20 hours claimed by Martin for completing the brief to 3.20 hours and reduces the 21.70 paralegal hours claimed for completion of the brief to 8.7 hours.

for 22.63 hours of legal services and 8.7 hours of paralegal services rendered.

## II. CONCLUSION

For the reasons discussed above, it is the ORDER, JUDGMENT, and DECREE of this court that:

(1) the application for attorney fees filed by plaintiff Bennie Surge be GRANTED in part and DENIED in part;

(2) the counsel of record be awarded fees in the amount of $3,608.68, representing 22.63 attorney hours at a rate of $138.32 per hour and 8.70 paralegal hours at a rate of $55.00 per hour; and

(3) the counsel of record be awarded expenses in the amount of $57.37.